IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PORESHA SHA-FAYE POLK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1814-S-BN |
| | § | |
| MARIA CASTILLO and CHARLES HO, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Relying on 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Maria Castillo and Charles Ho removed this action that Plaintiff Poresha Sha-Faye Polk filed *pro se* in a Dallas County justice court because Polk alleged a federal question. *See* Dkt. No. 1 at 3, ¶ 7 ("Polk makes a civil rights complaint and a claim of 'racial discrimination' as to Defendants … under '1983 Civil Rights 312.'").

United States District Judge Karen Gren Scholer referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts

are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Under this duty, the undersigned entered an order on August 22, 2022 that explained the basis for the Court's jurisdiction:

> Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. And a defendant may remove an action filed in state court to federal court only if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).
> "To determine whether the claim arises under federal law," a district court must "examine the 'well pleaded' allegations of the complaint." *Id.* That is, jurisdiction under Section 1331 only "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis ... in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). And those allegations must be present at the time of removal. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) ("When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." (cleaned up)).

The basis for removal under Section 1331 cited in Defendants' notice lifts Polk's allegation out of context such that it is not clear that a federal question exists strictly on the language quoted in the notice. That is, in the first paragraph of the state court petition, Polk alleges, in substance, "[c]ome now Plaintiff with this civil rights complaint under Texas Article 104.003 and plead <u>only state law claim under 1983 civil rights 312.005 Texas Government Code Ann</u>." Dkt. No. 1-2 at 6 (emphasis added).

There can be no dispute that "[t]he plaintiff is the master of his complaint. If he chooses to rely solely on state law, he may do so even if his allegations might also support a claim for relief under federal law." *Preston v. Mossbarger*, No. 3:15-cv-1903-N, 2015 WL 4742549, at *3 (N.D. Tex. Aug. 10, 2015) (quoting *Leach v. Indiana*, No. l:07-cv-1376-DFH-JMS, 2007 WL 4256440 (S.D. Ind. Nov. 30, 2007)). *Accord Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001).

But Polk further alleges "Due Process and Equal Protection of the Law 14th Amendment" and then separately cites the Texas Constitution and state law. Dkt. No. 1-2 at 6. Polk next lays out facts that – solely for the purpose of jurisdictional screening consistent with the authority discussed below – could support an alleged violation of rights protected by the Fourteenth Amendment to the United States Constitution. *See id.* at 6-7.

"The applicable test for determining jurisdiction on the face of the pleadings is not whether the plaintiffs could actually recover, but whether the federal claim alleged is so patently without merit as to justify the district court's dismissal for want of jurisdiction." *Suthoff v. Yazoo Cnty. Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. Unit A Feb. 1981) (citing *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59 (1978)).

Put another way, "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*,

> 943 F.3d 1004, 1007 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)). And "a complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans v. Levine*, 415 U.S. 528, 538-39 (1974)); *see also Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").
>
> In sum, a complaint that simply points to a federal law does not provide for subject matter jurisdiction under Section 1331 where the complaint lacks factual allegations showing how the federal law applies to a plaintiff's claim. *See Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("[A]lthough Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citation omitted)); *Harrington v. City of Shiner, Tex.*, No. 6:20-cv-00039, 2021 WL 4503013, at *5 (S.D. Tex. Sept. 30, 2021) ("Harrington failed, not in stating conclusory or vague facts to support his Section 1983 claim, but in showing that the Section 1983 claim was not frivolous, insubstantial, or patently without merit given the facts that he *did* allege. Thus, the district court concluded that the claim did not raise a federal question given the lack of a foundation for the Section 1983 claim – that is, an alleged constitutional rights violation – as well as the lack of any factual allegations that could even imply the applicability of the statute." (discussing prior dismissal by the court; citations omitted)).
>
> But here, Polk's *pro se* allegations are enough to "<u>imply</u> the applicability of the" Fourteenth Amendment, *Harrington*, 2021 WL 4503013, at *5 (emphasis added), which – also considering her citation to that authority – is sufficient to show how federal law applies to Polk's claims.
>
> Defendants have therefore carried their burden to show a foundation for a nonfrivolous, not insubstantial violation of the United States Constitution, and the Court is satisfied that jurisdiction under Section 1331 existed at the time of removal.

Dkt. No. 5 at 2-6 (footnote omitted).

Eight days later, Polk filed a Motion to Dismiss for a Lack of Federal Jurisdiction of this Court [Dkt. No. 7], which the Court should construe as a motion

to remand. *See id.* at 7 (requesting that "this Court remove all federal claims and remand without prejudice as to the state claims").

In support of remand, Polk argues, in part, that this lawsuit consists of "only state issues of law that are protected under Texas Constitutional Laws"; that "the State can address as well as federal courts"; that "[t]his federal court [does] not have federal question jurisdiction simply because a federal right was available but was not asserted"; and that 28 U.S.C. § 1367(c) favors relinquishing jurisdiction. *Id.* at 2, 3, 4, 7 (emphasis omitted).

While some of these legal assertions are correct, they do not support remand here. The Court should therefore deny the motion to remand without considering briefing, an approach that will not prejudice Defendants.

"Whether an action is removable based on federal question jurisdiction is determined by the allegations in the plaintiff's 'well-pleaded complaint' at the time of removal." *Tobacco & Wine, Inc v. Cnty. of Dall.*, 456 F. Supp. 3d 788, 791-92 (N.D. Tex. 2020) (citing *Medina*, 238 F.3d at 680)); *see also Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 695-96 (5th Cir. 2017) ("The [United States] Supreme Court has explained that 'under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law.'" (quoting *Franchise Tax Bd.*, 463 U.S. at 10)).

A court presented with a motion to remand must therefore "evaluate the complaint at the time of removal." *Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th

Cir. 2022) (per curiam) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020))).

So even "[a] pleading amendment post-removal that removes all federal claims does not divest the federal court of jurisdiction and require remand to state court." *Tobacco & Wine*, 456 F. Supp. 3d at 793 (citing *16 Front St., L.L.C. v. Miss. Silicon, L.L.C.*, 886 F.3d 549, 559 (5th Cir. 2018)).

In any event, Polk may not amend allegations through a motion to remand. *Cf. Biegon v. City of Dall.*, No. 3:21-cv-2006-C-BN, 2021 WL 4897660, at *3 (N.D. Tex. Sept. 30, 2021) ("Biegon may not amend his claims through the Notice of Removal or in response to the order to show cause, as 'a claim for relief' must be made through a pleading, FED. R. CIV. P. 8(a), and neither a notice of removal nor a response to a court's order is among the 'pleadings [that] are allowed' under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a)." (citation omitted)).

And Polk's arguments do not divest the Court of subject matter jurisdiction where it was evidently not her intent to cite the Fourteenth Amendment. *See, e.g., Franks v. East*, No. 1:07-CV108-SA-JAD, 2008 WL 4057078, at *2 (N.D. Miss. Aug. 26, 2008) ("The Court … cannot simply remand, and thereby relinquish jurisdiction over a case that alleges a claim, albeit seemingly mistakenly, arising under federal law." (citations omitted)).

But Polk may still amend the complaint consistent with Federal Rule of Civil

Procedure 15. And the Court may

> then revisit whether remand is appropriate pursuant to 28 U.S.C. [§ 1367]. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (finding that when "the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction."); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir .1992) (finding that a "district court has discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based."); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 n.2 (5th Cir. 1985) (explaining that "[a]lthough the voluntary dropping of all federal claims by a plaintiff in a removed case does not oust federal jurisdiction, the federal court may still exercise its discretion to not retain pendent jurisdiction over the remaining state claims.").

*Franks*, 2008 WL 4057078, at *3; *see also Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161-62 (5th Cir. 2011) ("A district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated. Thus, we are right to hesitate in rejecting the district court's exercise of its discretionary authority, as the general rule of remanding state law claims to state court after all federal claims have been eliminated is 'neither mandatory nor absolute.' But such discretion is founded upon and guided by a court's consideration of the prescribed statutory and common law factors. Our deference cannot stretch so far as to find no abuse of discretion where, as is the case here, all federal claims were deleted at the infancy of the case and the balance of the statutory and common law factors weighs heavily in favor of remand." (citations omitted)).

## Recommendation

The Court should deny Plaintiff Poresha Sha-Faye Polk's construed motion to remand [Dkt. No. 8].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 31, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE