IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PORESHA SHA-FAYE POLK, | § § | |
| Plaintiff, | § § | |
| V. | § | No. 3:22-cv-1814-S-BN |
| MARIA CASTILLO and CHARLES HO, | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Poresha Sha-Faye Polk filed this *pro se* action in a Dallas County justice court. After Defendants Maria Castillo and Charles Ho answered in state court, *see* Dkt. No. 1-5 at 15-16, they removed this lawsuit to federal court on August 17, 2022, relying on 28 U.S.C. §§ 1331, 1441, and 1446, because Polk alleged a federal question, *see* Dkt. No. 1 at 3, ¶ 7.

The presiding United States district judge referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On September 30, 2022, Polk filed a Motion to Dismiss. *See* Dkt. No. 14. As ordered, Defendants responded, and Polk replied. *See* Dkt. Nos. 15, 21, 22, 27. Considering the pendency of the motion to dismiss and Polk's numerous other (and somewhat contradictory) motions filed after moving to dismiss this lawsuit, *see* Dkt. Nos. 18-20, 23-26, the Court temporarily prohibited Polk from filing other motions in this matter without first obtaining written leave of the Court, *see* Dkt. No. 28.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the pending motions for the reasons and to the extent set out below.

### I. The Court should deny as moot Polk's motion to dismiss [Dkt. No. 14].

While Polk filed a Motion to Dismiss [Dkt. No. 14] on September 30, 2022, because Defendants answered prior to removal, voluntary dismissal is only allowed under either Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on "a stipulation of dismissal signed by all parties who have appeared" or Federal Rule of Civil Procedure 41(a)(2) "by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(1)(a)(ii), (a)(2). Voluntary dismissal by stipulation or by court order is presumptively without prejudice unless the stipulation or order states otherwise. *See id.*

The Court therefore ordered Defendants to file a response to Polk's motion or, in the alternative, a stipulation of dismissal in compliance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See* Dkt. No. 15.

Defendants responded, requesting that the Court grant Polk's motion but dismiss this lawsuit with prejudice, arguing, in sum, that "Defendants have expended significant energy in the litigation of this matter" and that "Plaintiff seeks dismissal of this matter to avoid continued litigation in federal court." Dkt. No. 21.

Considering their response in an order entered on October 25, 2022, the undersigned observed that he was "inclined to recommend that the Court enter an order under Federal Rule of Civil Procedure 41(a)(2) dismissing this action without

prejudice," but, because, "after Polk filed the motion to dismiss her lawsuit – and prior to Defendants' response – she made additional filings that appear to undercut a desire to voluntarily dismiss this lawsuit … (requesting leave to amend and supplement the claims and seeking discovery)," the Court ordered Polk to file a reply. Dkt. No. 22; *see also McGinnis v. Carnes*, No. 3:22-cv-858-S-BN, 2022 WL 3701630 (N.D. Tex. Aug. 4, 2022) (regarding where it may be appropriate to grant a Rule 41(a)(2) dismissal with prejudice), *rec. accepted*, 2022 WL 3702039 (N.D. Tex. Aug. 26, 2022).

Polk replied, making various allegations but requesting more than once "that this Court [ ] allow this civil complaint to go forward." Dkt. No. 27. Considering Polk's reply, the Court should deny as moot the Motion to Dismiss [Dkt. No. 14].

## II. The Court should deny Polk's motion to remand [Dkt. No. 24].

Through a motion filed on October 31, 2022, *see* Dkt. No. 24; FED. R. CIV. P. 5(d)(2)(A), Polk moves to remand this case to state court based on noncompliance with Federal Rule of Civil Procedure 81 and Local Civil Rule 81.1. This alleged noncompliance does not implicate the Court's jurisdiction over this matter. So, because this motion to remand was not filed within 30 days of removal, it should be denied. *See* 28 U.S.C. § 1447(c).

## III. The Court should deny Polk's motion for a declaratory judgment [Dkt. No. 26].

Polk moves for a declaratory judgment under Federal Rule of Civil Procedure 57 but provides no factual allegations in support of that relief. *See* Dkt. No. 26. Nor does Polk plausibly allege facts to support declaratory judgment in the operative

complaint. This prevents granting the standalone motion for relief under Rule 57. *See, e.g.*, *Hill v. PHH Mortg. Corp.*, No. 4:19-CV-2909, 2022 WL 4001828, at *4 (S.D. Tex. Apr. 23, 2022) ("Because the Complaint is silent to the fact that Plaintiff has either made all payments since 2013 or that he missed payments since his bankruptcy case ended, Plaintiff has not plausibly plead that he is entitled to a declaratory judgment that PHH cannot foreclose on the Property. Accordingly, Plaintiff has not stated a claim upon which relief can be granted."). The Court should therefore deny the motion without prejudice to Polk's ability to amend the complaint to allege relief under Rule 57.

### IV. The Court should deny the remaining pending motions [Dkt. Nos. 18, 19, 20, and 25], construed as requesting leave to amend the complaint, without prejudice to the Court's allowing Polk the opportunity to file one final amended complaint.

Polk's remaining pending motions – to amend under Federal Rule of Civil Procedure 15, to supplement, for discovery, and for a jury trial – should be liberally construed as a single request for leave to amend under Rule 15, which "gives plaintiffs a temporary right to amend their complaints" and, even after that right expires, "*requires* courts 'freely give leave [to amend] when justice so requires.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing FED. R. CIV. P. 15(a)(1), then quoting FED. R. CIV. P. 15(a)(2)). Considering the posture of this proceeding, granting Polk leave to file one final amended complaint is consistent with this standard and will further a more efficient disposition of this case. The Court should therefore deny Dkt. Nos. 18, 19, 20, and 25 without prejudice to the undersigned's entering an order directing Polk to file, within a reasonable time to be set by the Court, a final amended

complaint if the Court accepts or adopts these recommendations.

## Recommendation

The Court should deny the pending motions [Dkt. Nos. 14, 18-20, 24-26].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 28, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE