IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PORESHA SHA-FAYE POLK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1814-S-BN |
| | § | |
| MARIA CASTILLO and CHARLES HO, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Poresha Sha-Faye Polk filed this *pro se* action in a Dallas County justice court. After Defendants Maria Castillo and Charles Ho answered in state court, *see* Dkt. No. 1-5 at 15-16, they removed this lawsuit to federal court on August 17, 2022, relying on 28 U.S.C. §§ 1331, 1441, and 1446, because Polk alleged a federal question, *see* Dkt. No. 1 at 3, ¶ 7.

The presiding United States district judge referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

More recently, the Court accepted the undersigned's recommendation and denied multiple motions filed by Polk and allowed leave to file one final amended complaint. *See* Dkt. Nos. 31, 34. While the recommendation was pending, Polk filed a Motion to Amend [Dkt. No. 32], which the Court should construe as the contemplated one final amended complaint. Doing so, the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to

the extent set out below, the Court should dismiss the final amended complaint [Dkt. No. 32] for Polk's failure to allege a claim on which relief may be granted.

## Legal Standards

While Defendants paid the filing fee when they removed Polk's lawsuit to federal court, Polk obtained leave to proceed *in forma pauperis* (IFP) in state court. *See, e.g.*, Dkt. No. 1-2 at 2; Dkt. No. 1-5 at 5, 10. This allows the Court to "screen [Polk's] claims under the IFP statute, 28 U.S.C. § 1915(e)(2)(B)." *Oyekwe v. Research Now Grp., Inc.*, 542 F. Supp. 3d 496, 504 (N.D. Tex. 2021) (citing *Phillips v. City of Dall.*, No. 3:14-cv-3131-M, 2015 WL 233336, at *4 (N.D. Tex. Jan. 14, 2015) ("As this Court, among others, has recognized, Section 1915(e)(2)(B) applies to complaints, like Plaintiff's, 'that were originally filed IFP in state court and removed to federal court.'" (quoting *Tsuchiya v. Texas*, No. 4:14-cv-64-O, 2014 WL 1329127, at *1 (N.D. Tex. Mar. 5, 2014), *rec. adopted*, No. 4:14-cv-64-O, Dkt. No. 21 (N.D. Tex. Apr. 1, 2014); citation omitted)), *appeal dismissed*, 644 F. App'x 368 (5th Cir. 2016) (per curiam)).

Under this statute, the Court may dismiss a complaint if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). So the pleading requirements as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of an IFP complaint.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not

require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, to survive dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e));

*see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

And "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

### Analysis

Polk's final amended complaint asserts a claim for racial discrimination, citing the Thirteenth and Fourteenth Amendments and 42 U.S.C. § 1983 and alleging that "Plaintiff was illegally evicted from [her] apartment due to her complaints in numerous occasion[s] about rain coming into her apartment window – roof – and door damaging her property"; that "Defendant[s] fail to make repairs due to Plaintiff being a black [woman]"; that "Defendants evict Black Tenants and move Mexican in to replace the Blacks"; that "a prime example is Plaintiff['s] eviction," where "Defendants renovated the apartment after Plaintiff was kicked out for no violations, and not behind in rent"; and that "now 8 Mexicans live in that apartment that Defendants refused to renovate to stop the rain coming from roof, window and door," but which now has a "new stove, refrigerator to replace the old [appliances]." Dkt. No. 32 at 2-3 (cleaned up).

Starting with Polk's contentions that Defendants violated the Thirteenth and Fourteenth Amendments, "[a] plaintiff makes out a § 1983 claim if he 'shows a

violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting, in turn, *United States v. Classic*, 313 U.S. 299, 326 (1941))). And "[t]he Equal Protection Clause of the Fourteenth Amendment 'prohibits intentional racial segregation in government-assisted housing.'" *Inclusive Communities Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, 860 F. Supp. 2d 312, 318 (N.D. Tex. 2012) (citation omitted). But Polk makes no allegations from which the Court may infer that Defendants acted under color of state law.

Nor do Polk's allegations support a plausible claim that Defendants violated the Thirteenth Amendment right to be free from involuntary servitude. *See Brooks v. George Cnty., Miss.*, 84 F.3d 157, 162 (5th Cir. 1996) ("The Fifth Circuit defines involuntary servitude as 'an action by the master causing the servant to have, or to believe he has, no way to avoid continued service or confinement.' [So, 'w]hen the employee has a choice, even though it is a painful one, there is no involuntary servitude.'" (quoting *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990))).

The Court should therefore dismiss Polk's claims under Section 1983 based on

the Thirteenth and Fourteenth Amendments.

But, especially as a *pro se* litigant, Polk need only "frame a 'complaint with enough factual matter (taken as true) to suggest'" an "entitle[ment] to relief." *Robbins*, 519 F.3d at 1248 (quoting *Twombly*, 550 U.S. at 556). Polk need "do no more to stave off threshold dismissal for want of an adequate statement of [a] claim," such as "set[ting] out a legal theory for [a] claim for relief." *Johnson*, 574 U.S. at 12 (cleaned up). So the undersigned has also considered the factual matter in the final amended complaint under 42 U.S.C. §§ 1981 and 1982 and the Fair Housing Act (the FHA).

Section 1981 "guarantees to '[a]ll persons within the jurisdiction of the United States ... the same right ... to make and enforce contracts ... as is enjoyed by white citizens.'" *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399 (5th Cir. 2021) (quoting 42 U.S.C. § 1981(a)). "Section 1982 ensures that all citizens have the 'same right ... to inherit, purchase, lease, sell, hold, and convey real and personal property,'" *Jackson v. Siegel Grp. LLC*, No. 1:20-cv-355-HSO-RHWR, 2022 WL 1056149, at *7 (S.D. Miss. Feb. 25, 2022) (quoting 42 U.S.C. § 1982), *aff'd*, 2022 WL 17832290 (5th Cir. Dec. 21, 2022). And, "[w]hile the statut[ory] text does not expressly discuss causation, it is suggestive," such that, "[t]o prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1015, 1020 (2020).

Polk's burden to plead factual content to allow the Court to reasonably infer that Defendants are liable under Section 1981 or Section 1982 requires that she

"plead sufficient facts on all of the ultimate elements of [either] claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted). These elements are that (1) she is a member "of a racial minority; (2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (§ 1981; citations omitted); *see also Maldonado v. Firstservice Residential, Inc.*, Civ. A. No. H-20-1484, 2021 WL 4481090, at *4 (S.D. Tex. Sept. 30, 2021) ("Both sections apply to 'private and public' acts" and "are generally construed 'in tandem'"; and, following *Comcast*, both "require that 'plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right.'" (citations omitted)).

But Polk's final amended complaint fails to include non-conclusory facts from which the Court may infer that race was the but-for cause of the injury she alleges.

42 U.S.C. § 3604 is a provision of the FHA possibly implicated by the facts alleged. "Section 3604(a) makes it unlawful to 'make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin,'" while section 3604(b) prohibits discrimination 'against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.'" *Jackson*, 2022 WL 1056149, at *7 (citations omitted).

> "A claim under either section 3604(a) or (b) may be established by proof of discriminatory treatment or a significant discriminatory impact. *Greater New Orleans Fair Hous. Action Ctr., Inc. v. Hotard*, 275 F. Supp. 3d 776, 786 (E.D. La. 2017) (citing *Artisan/American Corp. v. City of*

> *Alvin*, 588 F.3d 291, 295 (5th Cir. 2009); *Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1554 (5th Cir. 1996)). For discriminatory treatment, the plaintiff must allege that the protected trait, here race, played a significant factor in the challenged action. *Woods-Drake v. Lundy*, 667 F.2d 1198, 1202 (5th Cir. 1982) ("Plaintiff need only prove that race was one significant factor in defendant's dealings with them in order to establish a violation of the Fair Housing Act."). For discriminatory effect, the plaintiff must allege that "a policy, procedure, or practice" of the defendant "has a significantly greater discriminatory impact on members of a protected class." *Simms*, 83 F.3d at 1555.

*Id.*

But Polk fails to provide sufficient facts to plausibly allege either discriminatory treatment or a significant discriminatory impact. So, as to all claims possibly implicated, because the facts that are alleged in the final amended complaint stop short of the line between possibility and plausibility of an entitlement to relief based on Defendants' actions, the Court should dismiss the final amended complaint.

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Polk an opportunity to explain how the deficiencies identified above can be cured and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Polk fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should dismiss this action with prejudice unless, within the time to file objections to these findings, conclusions, and recommendation, Plaintiff Poresha Sha-Faye Polk shows a basis to further amend the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 14, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE